and properly so we think, that the invention defined in the involved count was disclosed by appellant in his application first filed, "Case A," it is obvious that there was no intention on the part of appellant to conceal or suppress that invention. Why it was not claimed in the first application does not appear from the record, nor is it a matter of any great concern here. It might have been claimed in a divisional application. The fact that it was not, and that appellant chose to file a new application therefor, does not warrant a finding that he abandoned, concealed, and suppressed the invention. Nor do we find any other evidence of record to sustain such a finding.

We are of opinion, therefore, that as appellant is the first inventor, he is entitled to an award of priority, and such will be our holding.

The decision is reversed.

Reversed.

GARRETT, Associate Judge, did not participate.

## In re RIEBEL.

### Patent Appeal No. 3179.

Court of Customs and Patent Appeals.
March 26, 1934.

Fay, Oberlin & Fay, of Cleveland, Ohio, and Lynn H. Latta, of Toledo, Ohio, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner, rejecting, for want of invention over the prior art, the only claim of an application for patent entitled "Vacuum Cleaner."

The claim reads:

"5. The combination with a portable vacuum cleaner having a fan casing provided with a discharge duct, and an operating handle pivotally connected with said cleaner, of an air-pervious dust accumulating paper bag detachably rigidly supported by said handle, said bag having an inlet neck at one side of its lower end in substantial alignment with the handle attaching means, and a flexible tube connecting said bag inlet with said duct, whereby movement of said handle is permitted without flexing said bag."

The references cited are: Duffie, 1,230,-827, June 19, 1917; Replogle, 1,416,876, May 23, 1922; Halsted, 1,553,076, September 8, 1925.

The claim describes the device clearly and no elaboration is deemed essential to its proper understanding.

The patent to Duffie is for "Vacuum Cleaning Apparatus," and, as we view it, the specification and drawings thereof disclose every feature which is present in the involved claim, the several features of the patent being substantially in the same arrangement as are the features of the claim. The only discernible differences are, that (1) the dust collecting receptacle of the claim is limited to "an air-pervious dust accumulating *paper bag*," while the patent provides a receptacle which may be made of "sheet metal, papier mâché, fiber or other *suitable material*" (italics ours), and (2), in order to use satisfactorily a paper bag, instead of a metal member, a slightly different arrangement of the flexible tube in its relation to the bag and handle seem to be provided.

The Halsted patent teaches as one of its objects "the provision of a *bag of paper* or like cheap material * * *" as a dust receptacle.

This is a companion case to that involved in appeal No. 3448, by the same party, Riebel, which is decided concurrently herewith. 69 F.(2d) 563, 21 C. C. P. A. ——.

We discern no error in the decision of the Board of Appeals and the same is affirmed.

Affirmed.

HATFIELD, Associate Judge, does not participate.

## In re RIEBEL.
### Patent Appeal No. 3448.

Court of Customs and Patent Appeals.
March 26, 1934.

L. H. Latta, of Toledo, Ohio, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Examiner was heard in connection with appeal No. 3179, by the same party, Riebel, decided concurrently herewith, the two being orally argued together, although briefed separately. 69 F.(2d) 562, 21 C. C. P. A. ——.

Here, as in that case, a single claim is involved which reads:

"In a suction cleaner, a body unit including a fan casing outlet, a flexible non-porous tube communicating therewith, a handle pivoted to the body unit and projecting above said tube, and a porous paper bag suspended from the handle said bag having an inlet neck attached to and communicating with said outlet."

The rejection by the tribunals of the Patent Office is for lack of patentability in view of the prior art, the references cited being: Duffie, 1,230,827, June 19, 1917; Halsted, 1,553,076, September 8, 1925.

No extended discussion of the case is deemed necessary. There is no distinction in principle between it and the case involved in appeal No. 3179, supra. The claims are substantially the same; the disclosures do not materially differ upon any pertinent feature; and both applications were rejected upon two of the same references. Here as there emphasis is placed upon the use by appellant of a paper bag for a dust receptacle, in the manner and under the arrangement of parts described. In view of the teaching by Duffie that such receptacle may be made of "sheet metal, papier mâché, fiber or other suitable material" and that of Halsted as to "the provision of a bag of paper or like cheap material," we think this element clearly anticipated by the prior art, and no feature of patentable novelty, over the references, is discerned in the particular arrangement of parts whereby the paper bag is utilized.

Appellant in this court suggests a desire to amend the claim. Amendment of claims cannot be allowed in this court.

In the case of In re Stroedter, 68 F.(2d) 741, 21 C. C. P. A. ——, where this court reversed the decision of the Board of Appeals and the case was returned to the Patent Office, it was suggested that the applicant should there have an opportunity of making certain changes in phraseology, but in this case we find no reversible error.

The decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, does not participate.